Maurer v. Sucesores de Hernaiz et al.

Appeal from the District Court of San Juan.

No. 115.—Decided June 26, 1906.

Appeal—Judgments.—The points decided in a judgment from which no appeal was taken by either of the parties, must be considered final, and cannot be considered on an appeal taken from other points decided in the same judgment.

Id.—Matters in Controversy.—The trial court must finally decide upon the merits of all matters in controversy in accordance with sections 188 and 193 of the Code of Civil Procedure.

Id.—Exceptions—Misjoinder of Actions.—Where two or more incompatible causes of action are joined in one complaint, and no objection thereto is made in due time, it will be considered that the defendant has waived all objection thereto in accordance with section 109 of the Code of Civil Procedure, and the court must render a judgment thereon.

Id.—Matters Not Decided by Lower Court.—Matters not decided by the lower court will not be considered on appeal, as this would amount to an assumption of the functions of a court of original jurisdiction.

Cases in Which the Object of Action Prosecuted is Not Only the Recovery of a Debt.—In cases where the object of the action prosecuted is not only to recover a debt, but other matters are involved, section 328 of the Code of Civil Procedure is not applicable.

Costs—Cases in Which Complaint is not Sustained in all its Parts.—Where a complaint is not sustained in all its parts, it is neither just nor equitable to tax all the costs against the defendant.

The facts are stated in the opinion.

*Mr. Bosch* for appellant.

*Mr. López Landrón* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

The action to which this appeal refers was commenced in the District Court of San Juan on February 23, 1904, by Edmundo Maurer against the Successors of José Hernaiz, by the filing of a complaint in which the former sought to recover from the defendant the sum of $4,073.67, legal interest for the delay, and the costs of the action.

On April 18th of the same year the plaintiff amended his complaint by making Julián Munsuri and the Successors of Orcasitas & Co., also defendants therein, and restating the facts alleged and adding others. He prayed for judgment to the following effect:

"1. That the commercial firm of Successors of José Hernaiz be adjudged to pay, within the period of three days, the sum of $4,073.67, acknowledged in suspension of payment proceedings plus legal interest for the delay in payment, and for the costs of the action, as prayed for in my original petition of February last, which is the basis of this consolidation of actions.

"2. Furthermore, that the said commercial firm of Successors of José Hernaiz, Julián Munsuri Hernaiz and Successors of Orcasitas & Co. in default of the full payment sought in the preceding paragraph of this prayer, on account of lack of sufficient unencumbered property, be subsidiarily adjudged to rescind the assignment in payment made by Successors of José Hernaiz of the commercial establishment or stores in this city named 'La Capital de Vizcaya,' 'La Puerto Riqueña,' and 'La Primavera,' to their special partner Munsuri, and the sale by the latter to Successors of Orcasitas & Co.

"3. That the Successors of Orcasitas & Co. and Juan Munsuri Hernaiz be adjudged to pay subsidiarily, by way of loss and damage 'if the rescission cannot be effected,' the sum claimed in the first prayer herein, in lieu of the two preceding prayers, with the costs of the action, and without prejudice to the criminal action which may lie against them in view of the result of the evidence."

This consolidation of actions was allowed by the District Court of San Juan by order of the 19th of said month of April; and the Successors of José Hernaiz in making answer

on June 3, 1904, to the amended complaint, specifically prayed that the complaint be dismissed with the costs against the plaintiff, although they alleged that the first declaration sought in said complaint was unnecessary, because the Successors of Hernaiz had never denied, but, on the contrary, had clearly acknowledged the debt claimed at the time they suspended payments in April, 1903.

On the 6th of said month of June Julián Munsuri also prayed that the complaint be dismissed, with the costs against the plaintiff.

Neither the Successors of Hernaiz nor Munsuri have alleged in their answers that the actions exercised in the complaint were incompatible.

It does not appear from the record whether the Successors of Orcasitas & Co. answered the complaint or whether they were declared in default.

After the trial had been held, the District Court of San Juan rendered judgment on September 30, 1905, as follows:

"*No. 120.—Edmundo Maurer, plaintiff,* v. *Successors of José Hernaiz, Julián Munsuri y Hernaiz, and Successors of Orcasitas & Co., defendants,* for the recovery of money, and other purposes. *Judgment.*—On August 24, 1905, in open court, this case was called for trial in its order upon the calendar, and the parties appeared by their counsel and announced their readiness to proceed. The plaintiff made his allegations and thereupon the defendants made theirs. The plaintiff presented his evidence which was heard, and thereupon the defendants submitted theirs, which was likewise heard. And, finally, the parties made their oral arguments and the trial of this case was concluded on the 26th of August, a session having also been held on that day. And the court, after having heard the pleadings, the evidence and the arguments, renders judgment to the effect that Edmundo Maurer, the plaintiff, recover from the defendants, Successors of José Hernaiz, the sum of $4,073.67, American gold, legal interest and costs; and it holds that the other declarations sought by the plaintiff do not lie for the present nor in these proceedings. And it is ordered that execution issue for the satisfaction of this judgment, which shall be entered in the book of judgments of this court. Pronounced in open

court this 30th day of September, 1905. Entered this 3d day of October, 1905.—Emilio del Toro, judge. Attest: José E. Figueras, secretary."

Before the rendition of this judgment—that is to say, on the 11th of said month of September—counsel for the Successors of José Hernaiz filed a brief upon the points at issue in the proceedings, praying that for the reasons alleged before the court it hold that the decision of the contract relating to the assignment in payment, executed on March 7, 1903, by the said firm in favor of Julián Munsuri, did not lie, one of the reasons alleged being that it is a juridical absurdity to exercise in a single complaint an action against a direct debtor and one against a subsidiary debtor.

The Successors of José Hernaiz Munsuri took an appeal from the judgment rendered, and in his written brief counsel for the Successors of José Hernaiz prayed:

"1. That the judgment rendered by the District Court of September 30, 1905, be reversed in so far as it taxes the costs against the Successors of José Hernaiz.

"2. That it be held that said district court should have decided upon the evidence, in a definite manner, the questions of the rescission of the contract involving the assignment in payment of March 7, 1903. made by the Successors of José Hernaiz in favor of Julián Munsuri, and of the other contract of sale of the several business establishments on March 3, 1904, by Munsuri to the Successors of Orcasitas & Co.

"3. That the petition for the rescission of said contract of assignment in payment of March 7, 1903, be dismissed.

"4. That the costs of the proceedings be taxed against Edmundo Maurer."

Counsel for Julián Munsuri, who is also counsel for the Successors of José Hernaiz, also prayed for the reversal of the judgment appealed from and for judgment dismissing the action for rescission brought against Munsuri, with the costs of the litigation against the plaintiff Maurer.

Counsel for the parties, the appellants and respondent,

made oral arguments at the hearing in defense of the respective contentions.

It now remains for us to examine the legal questions discussed in this appeal.

In the first place the judgment rendered by the District Court of San Juan on September 30 of last year must be considered final in so far as it adjudges that the plaintiff, Edmundo Maurer, recover from the defendants, Successors of José Hernaiz, the sum of $4,073.67, with legal interest, because neither of the parties has appealed from the decision on this point, the appeal involving only the costs and that part of the judgment which holds that the other declarations sought in the complaint do not lie for the present nor in these proceedings.

These declarations were the rescission of the assignment in payment made by the Successors of José Hernaiz to Julián Munsuri, and that of the sale by the latter to the Successors of Orcasitas & Co. of the commercial establishments called "La Capital de Vizcaya," "La Puerto Riqueña," and "La Primavera," subsidiarily; that is to say, in the event of its being found that the Successors of Hernaiz did not own sufficient unencumbered property for the payment of the $4,073.67 claimed, and the indemnity to the plaintiff by the Successors of Orcasitas & Co. and Julián Munsuri of damages suffered, in the event that the Successors of Hernaiz should be unable to pay the said sum to Edmundo Maurer, and that it should also be impossible to rescind the contracts of assignment in payment of sale referred to.

The lower court has made no declaration whatsoever upon these points, because it held that it should not do so for the present and in said proceedings. We are of the opinion that in proceeding thus the court has clearly violated sections 188 and 193 of the Code of Civil Procedure, which imposed upon it the obligation of rendering final judgment according to the merits in the determination of the rights of the parties in the action.

The actions exercised by the plaintiff—that is to say, that for the recovery of a debt, and subsidiarily, that for the rescission of contracts consolidated in the complaint—were held to be susceptible of consolidation by the District Court of San Juan by order of April 19, 1904, when the former Law of Civil Procedure was still in force, and neither the Successors of Hernaíz nor Munsuri have alleged in their answer that such actions were incompatible; for which reason such exception to the incompatibility of actions, if such incompatibility existed, must be considered to have been waived according to section 109 of the Code of Civil Procedure in force, which was applicable on the date on which judgment was rendered; the allegation of such exception made in the brief filed in the San Juan court on September 11 of last year after the trial of the case had been concluded, was extemporaneous and could not be taken as a basis by the judge for refusing to decide in the judgment upon the subsidiary actions exercised relating to the rescission of contracts and indemnity for damages.

The Supreme Court cannot supply the omission of the lower court, as the latter should have done so by rendering final judgment upon the points omitted, without prejudice to the appeal which may be taken from this decision. If we were to render such decision we would be assuming the functions of a court of original jurisdiction.

With regard to the costs which have been taxed against the Successors of José Hernaiz, as not only one action, that for the recovery of a debt, has been exercised, but the complaint has included other points, the case cannot be considered as included under section 328 of the Code of Civil Procedure; and as the complaint has not been sustained in every respect, it is neither just nor equitable that all the costs be taxed against the defendants.

For the reasons stated, the judgment appealed from, in so far as it directs that the plaintiff, Edmundo Maurer, recover from the defendants, Successors of José Hernaiz, the sum

claimed in the complaint, with legal interest, should be affirmed, and it should be reversed in so far as it taxes the costs against the Successors of José Hernaiz, and holds that the other declarations sought in the complaint do not lie for the present in said proceedings; consequently the lower court should make these declarations in order to determine the rights of the parties in the action in an absolute manner.

*Decided accordingly.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.